THE BOARD OF COMMISSIONERS OF EXCISE OF THE CITY OF AUBURN, Respondents, *v.* CARY S. BURTIS et al., Appellants.

Although by the amendment of 1879 to the charter of the city of Auburn (Chap. 53, Laws of 1879), which abolished the office of overseers of the poor, the powers and duties of that office were devolved upon the board of charities and police, yet there were thereafter in said city no overseers of the poor, within the meaning of the provision of the excise law (§ 22, chap. 628, Laws of 1857, as amended by chap. 820, Laws of 1873, and chap. 109, Laws of 1878), which provides that penalties for violation of said law may be sued for in the name of the overseers of the poor of the town or city where they are incurred, " except in such towns or cities as have no overseers of the poor, in which case such penalties shall be sued for and recovered by and in the name of the board of commissioners of excise of the town or city."

Accordingly *held*, that an action to recover penalties for violations of the excise law in said city were properly brought in the name of the board of commissioners of excise of the city.

(Argued June 7, 1886 ; decided October 5, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made October 31, 1884, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the material facts are stated in the opinion.

*Nathaniel C. Moak* and *John D. Teller* for appellants. The action was not brought by the proper party. It ought to have been in the name of the board of charities and police of the city of Auburn. (Laws of 1857, chap. 628, § 22 ; Laws of 1873, chap. 820 ; Laws of 1878, chap. 109 ; *Overseers, etc., Pittstown* v. *Overseers, etc., Plattsburgh*, 18 Johns. 407, 418 ; *Stief* v. *Hart*, 1 N. Y. 20 ; 1 Kent's Com. [5th ed.] 464 ; *Foliant's Case*, 5 Coke, 116 ; 1 Lord Raymond, 682 ; *Hagerty* v. *Agan*, 3 Sup. Ct. [T. & C.] 782 ; *Bd. Com'rs Excise* v. *Glennon*, 21 Hun, 244 ; *Com'rs, etc., Kingston* v. *Osterhoudt*, 23 id. 66 ; *Bd. Excise Westchester* v. *Curley*, 9 Abb. N. C. 100 ; *Bd. Com'rs Charities, etc., N. Y.* v. *McGurrin*, 6 Daly, 349 ; *Hess* v. *Appell*, 62 How. 313 ; *Com'rs Charities, etc.,* v. *Richmond*, 28 Hun, 488 ; *People, ex rel. Lord,* v. *Crooks*, 53 N. Y. 648 ; *Alvord* v. *Syracuse Sav. Bk.*, 98 id. 599 ; *Ontario Bk.* v. *Bunnell*, 10 Wend. 192 ; *Johnson* v. *H. R. R. R. Co.*, 49 N. Y. 460.) Where one statute is repealed and a more comprehensive one enacted relating to the same subject, in construing one resort may be had to the other. (*Comm.* v. *Bralley*, 3 Gray, 457 ; *U. S.* v. *Freeman*, 3 How. 556 ; *Hayes* v. *Hanson*, 12 N. H. 284 ; *Griswold* v. *Atlantic Dock Co.*, 21 Barb. 225 ; *People* v. *Com'rs of Police*, 59 N. Y. 92.) A thing which is within the intention of the makers of a statute is as much within the statute as if it were within

the letter; and statutes are to be expounded according to their meaning rather than according to the letter. (*In re Evergreens*, 47 N. Y. 220; *People* v. *N. Y. C. R. R. Co.*, 13 id. 78; *Holmes* v. *Carley*, 31 id. 289; *Chase* v. *N. Y. C. R. R. Co.*, 26 id. 523.) A statute is not to be construed to repeal the common law unless the intent to alter it is clearly expressed. (*Melody* v. *Real*, 4 Mass. 471; *Comm.* v. *Knapp*, 9 Pick. 496; *Comm.* v. *Rumford Ch. Works*, 16 Gray, 231.) A construction which repeals a part of a statute and seriously mars the harmony of a system should be very clear before it is adopted by the court. (*Hayes* v. *Symonds*, 9 Barb. 260; *Wallace* v. *Bassett*, 41 id. 92.) When a statute is made in addition to another on the same subject without repealing it, the provisions of both statutes must be construed together. (*Pearce* v. *Atwood*, 13 Mass. 324; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *McCarter* v. *Orphan Asylum*, 9 Cow. 437–506.) There should be no conflict between the decisions of the courts. (*People* v. *Com'rs of Taxes*, 26 Hun, 446.) The effect of the construction of the statutes upon the subject in controversy, contended for by the respondent, infringes the provisions contained in article 1, section 17, and article 10, section 2, of the State Constitution. (*People, ex rel. Wood*, v. *Draper*, 15 N. Y. 532; *People* v. *Pinckney*, 32 id. 377; *People* v. *McKinney*, 52 id. 374; *People* v. *Crooks*, 53 id. 648; *People* v. *Raymond*, 37 id. 428.) A statute which transfers powers from an office existing at the time of the adoption of the Constitution to a new office not then created, there being no change of territorial authority, is unconstitutional. (*Devoy* v. *Mayor, etc.*, 36 N. Y. 449; *People* v. *Pinckney*, 32 id. 382.) There is no evidence in the case to show that "rock and rye" is a strong and spirituous liquor, and the court cannot, without proof, assume that it was. (*Rau* v. *People*, 63 N. Y. 277.) It cannot be presumed, from evidence of such liquors being drunk upon the premises, of parties having a storekeeper's license, that they were sold with intent that they should be so drank. (*People* v. *Lyon*, 27 Hun, 180.) The court erred in instructing the jury to render a verdict for the plaintiff for $50 for each

sale. (*Sturgis* v. *Spafford*, 45 N. Y. 453 ; *Fisher* v. *N. Y. C. R. R. Co.*, 46 id. 644 ; *Mix* v. *Same*, 47 id. 678.)

*F. D. Wright* for respondent. The defendant should have pleaded that the plaintiff had not legal capacity to sue. (Code of Civ. Pro., §§ 488, 498, 499 ; *Wright* v. *Wright*, 54 N. Y. 441.) The second clause of the motion for a nonsuit that the plaintiff "had not made out a cause of action," did not raise the question of the plaintiff's capacity to sue, because that defense had not been pleaded. (*Irving Nat. Bk.* v. *Corbitt*, 10 Abb. N. C. 85 ; *Phœnix Nat. Bk.* v. *Donnell*, 40 N. Y. 410 ; affirming 41 Barb. 571 ; *Bk. of Lowville* v. *Edwards*, 11 How. 216 ; *Viburt* v. *Frost*, 3 Abb. 119 ; *Myers* v. *Machado*, 6 id. 198 ; *Hobart* v. *Frost*, 5 Duer, 673.) The plaintiff was, in fact, the proper party plaintiff in this action. (Laws of 1857, chap. 628 ; Laws of 1878, chap. 109 ; Laws of 1879, chap. 53, tit. 7, §§ 71–80.) When acts can be harmonized by a fair and liberal construction, it must be done. (Sedgwick's Constr. Stat. and Const. Law, 98, note *a ;* *Comar* v. *Southern Ex. Co.*, 37 Ga. 397.) Ordinarily express language is used when a repeal is intended, and a repeal by implication is not favored. (Sedgwick's Constr. Stat. and Const. Law, 98, note *a*.) The implication of repeal must be a necessary one. (Sedgwick's Constr. Stat. and Const. Law, 98, note *a ;* *Naylor* v. *Field*, 5 Dutch. 287.) If two statutes on the same subject can stand together without destroying the evident intent and meaning of the latter one, there will be no repeal. (Sedgwick's Constr. Stat. and Const. Law, 98, note *a ;* *Roberts* v. *Fates*, 36 Ill. 268.) When the acts are upon different subjects, the rule as to implied repeal applies more forcibly. (*Ransom* v. *Ransom*, 62 Ill. 63.) Courts are bound to uphold the prior law, if the two acts may well stand together. (Sedgwick's Constr. Stat. and Const. Law, 106 ; *Bowen* v. *Lease*, 5 Hill, 221 ; *Williams* v. *Potter*, 2 Barb. 316 ; *People* v. *Deming*, 13 How. 44.) To repeal a statute by implication there must be such a positive repugnancy between the provisions of the new law and the old one, that they cannot stand together or be consistent. (Potter's Dwarris

on Stats. and Constr. 154, note 4.) Repeals by implication are never allowed except in cases where the inconsistency and repugnancy are plain and unwarrantable. ( *Wallace* v. *Bassett,* 41 Barb. 92; Potter's Dwarris on Statutes, 157; *Hayes* v. *Symonds,* 9 Barb. 260 ; *Village of Cohoes* v. *Moran,* 25 How. Pr. 385–387 ; *In re Evergreens,* 47 N. Y. 219, 220 ; *In re Com'rs Central Park,* 50 id. 493; *Vanderburg* v. *Village of Greenbush,* 66 id. 1–4; *McKenna* v. *Edmunston,* 64 How. 461–2.) A local statute providing a remedy in a particular class of cases arising in a particular locality is not repealed by a subsequent statute, general in its application, although the terms of the subsequent act are broad enough to include the cases embraced in the special law, unless the intent to repeal is manifest. ( *Whipple* v. *Christian,* 80 N. Y. 623–6; *In re Com'rs Central Park,* 50 id. 493 ; *McKenna* v. *Edmunston,* 91 id. 230–3.) In such case a plaintiff can recover the penalty for each violation proved. (*Longworthy* v. *Knapp,* 4 Abb. Pr. 115–17 ; *Deyo* v. *Rood,* 3 Hill, 527–9 ; *City of Brooklyn* v. *Cleves,* Lalor's Supp. to H. & D. 231–33 ; *People* v. *N. Y. C. R. R. Co.,* 13 N. Y. 78–82; *Suydam* v. *Smith,* 52 id. 383–89.)

Earl, J. This action was commenced to recover penalties for violations of the excise law in the city of Auburn, from the 1st day of June, 1880, to the 1st day of June, 1881. The plaintiff recovered, and the judgment having been affirmed at the General Term, the defendants appealed to this court.

The main question to be decided now is, whether the action was properly commenced by the plaintiff, or whether it should have been commenced by the board of charities and police of the city of Auburn, and the determination of this question involves the construction and consideration of various statutes.

From the incorporation of the city of Auburn in 1848 until 1879, there were overseers of the poor in that city possessing the powers and duties of overseers of the poor of the several towns of this State. (Laws of 1848, chap. 106, § 8 of tit. 4, § 1 of tit. 9, §§ 1 and 7 of tit 11; Laws of 1859, chap. 431,

§ 6 of tit. 5, § 1 of tit. 9 ; Laws of 1869, chap. 273, §§ 5, 61, 203, 216.) By the act, chapter 53 of the Laws of 1879, section 71 of title 7, it was provided that "the commissioners of charities and police and the mayor *ex officio* should constitute a board of charities and police of the city of Auburn, of which the mayor shall be president." Section 78 of the same act reads as follows : " The said board shall possess the powers and execute the duties of overseers of the poor in towns, and appoint a superintendent of charities and a clerk when necessary, to aid in the discharge of their duties." By chapter 628 of the Laws of 1857 (§ 22), the power to sue for violations of the excise law was given to the board of commissioners of excise of the different counties. By chapter 820 of the Laws of 1873 (§ 1), section 22 was amended so as to read as follows: " The penalties imposed by this act, except those provided for by sections 15 and 19, shall be sued for and recovered in a civil action in the manner provided by law for the recovery of penalties, by and in the name of the overseers of the town in which the alleged penalty was incurred, and the amount so recovered, when collected, together with all the costs of the proceedings for such recovery and collection, shall, within thirty days after such collection, be paid by the officer or party receiving the same to the county treasurer of the county for the support of the poor of such county, except as is otherwise provided by law." The same section was again amended by chapter 109 of the Laws of 1878, by providing that the penalties might be sued for and recovered in the name of the overseers of the poor of the town or city in which the alleged penalty is incurred, " except in such towns or cities as have no overseers of the poor, in which case said penalties shall be sued for and recovered by and in the name of the board of commissioners of excise of the town or city aforesaid and paid over to the treasurer of the county for the support of the poor of the town or city."

The claim of the defendants is that by the charter amendment of 1879, the board of charities and police for the city of Auburn were empowered to execute the duties of overseers of

the poor, and that, as it was among the duties of overseers of
the poor to sue for penalties for violations of the excise law,
that duty devolved upon that board. The claim of the plain-
tiff is that when the office of overseer of the poor was abol-
ished in the city of Auburn, and the board of charities and
police was substituted in its place, there was, within the mean-
ing of the act of 1878, no overseer of the poor in the city,
and hence that it devolved upon the board of commissioners of
excise of the city to sue for these penalties; and we think the
latter claim is supported by the best reasons.

After the enactment of chapter 109 of the Laws of 1878, it
was the general system, provided for the whole State, that
overseers of the poor, wherever they existed in the towns and
cities of the State, should sue for and recover the penalties for
violations of the excise law; but that where there were no over-
seers of the poor, such penalties should be sued for and recov-
ered by and in the name of the commissioners of excise. While
such was the law and the system, the act of 1879 was passed and
abolished the office of overseer of the poor in the city of Auburn,
and thereafter there was no such office in that city; and the
precise exigency existed which devolved upon the commission-
ers of excise the duty to sue for the penalties. It cannot be
supposed that when the legislature devolved upon the new
board created the duties of the office of overseer of the poor, it
meant to change the general system provided in the legislation
of 1878, and to devolve upon the new board the duty to prose-
cute for violations of the excise law. The two acts of 1878
and 1879 must be construed together, and must be so construed
that they can stand together, and upon such construction the
latter act must be so limited as not unnecessarily to interfere
with the prior act; and the duty which by the general law was
imposed upon the board of commissioners of excise cannot be
held to be one of the duties devolved upon the new board cre-
ated for the city.

It cannot be denied that much can be said and that much
has been ably said in favor of the contention of the defendants
upon the question in dispute; but the question is a technical

one having nothing whatever to do with the merits of the case, and we think the wiser and better rule is to hold that the general system provided by the law of 1878 prevails everywhere in the State, where by its terms it is applicable, unless by some new enactment its provisions have been changed.

Other exceptions to which our attention was called upon the argument point out no error and require no special consideration.

The judgment should be affirmed.

All concur.

Judgment affirmed.