Fifth Department, October Term, 1887.

CHARLES STANDART and Others, Respondents, v. CARY S. BURTIS and EDWIN C. BURTIS, Appellants, Impleaded, etc.

*Action by taxpayers to restrain the illegal actions of public officers — 1881, chap. 531 — they may prevent the settlement, for a nominal consideration, of a collectible judgment recovered by the city — the judgment debtors should be made parties defendant — the relief demanded is not the subject of demurrer.*

The complaint in this action, brought by the plaintiffs, as taxpayers, under chapter 531 of 1881, stated that a former board of excise of the city of Auburn recovered a judgment of about $2,000 against the defendants Burtis for selling liquors without a license; that the said defendants were pecuniarily responsible and the judgment collectible, and that the amount thereof, when collected, was to be paid to the treasurer of the city of Auburn for the support of the poor of that city, thereby lessening the amount of taxes to be paid for the support of the poor; that the judgment was affirmed by the General Term, and was then before the Court of Appeals on an appeal thereto taken by the defendants Burtis, that the defendants excise commissioners were taking steps, without notice to the plaintiffs' attorney, to substitute another attorney, not on account of any want of skill or of his conduct of the suit, but to enable them to cancel and discharge the said judgment upon the payment by the judgment debtor of a sum much less than its value for the purpose of favoring such debtors at the expense of the taxpayers of the city whom they officially represented, and because they were opposed to the enforcement of the excise law; that the said defendants, the said Burtis, were engaged with the other defendants in such plans and attempts to compromise the judgment for a nominal sum to benefit and favor themselves.

*Held,* that a judgment overruling a demurrer interposed to the complaint, upon the ground that it failed to state a cause of action, should be affirmed.

That although the courts will not restrain officials from exercising discretionary powers in good faith, yet when they threaten an abuse of that discretion they may be enjoined.

That as the complaint alleged that the defendants Burtis were acting with the commissioners in these illegal and unlawful proceedings, and were planning and attempting to settle and discharge the judgment without its payment, they were properly made parties defendant.

That they were also properly made parties defendant for the reason that they were directly interested in the proposed action of their co-defendants and were entitled to be heard on the trial before a decree was made.

Upon the facts alleged in the complaint the relief sought was a perpetal injunction restraining the defendants from settling, satisfying or discharging the judgment before it was paid in full, and from substituting any attorney in place of the plaintiffs' attorney in that action.

*Held,* that the complaint stated but one cause of action.

That if it prayed for relief not warranted by the alleged facts a demurrer would not, for that reason, lie.

APPEAL by the defendants Burtis from an interlocutory judgment, entered in this action in Cayuga county, and from an order of the Special Term of this court overruling a demurrer interposed by the defendants to the plaintiffs' complaint.

The complaint contains the necessary averments showing that the plaintiffs are entitled to bring this action under chapter 531 of the Laws of 1881. The complaint states that a former board of excise of the city of Auburn recovered a verdict against the appellants for $1,800' for selling liquor without a license; and that judgment was entered against the appellants thereon for damages and costs, $1,944.80; that the defendants are pecuniarily responsible and the judgment collectible; and that the amount of the judgment, when collected, is to be paid to the treasurer of the city of Auburn for the support of the poor of that city, thereby lessening the amount of taxes to be paid for the support of the poor by the taxpayers; that an appeal was taken from the judgment to the General Term of the Supreme Court by the Burtises only; that the judgment was affirmed by that court, and an appeal was taken therefrom to the Court of Appeals; and that the case would probably be shortly decided by that court; that while the defendants did not, upon the trial of the action, deny that they had violated the excise law and incurred the penalties recovered, they did raise questions which it is important to the city of Auburn should be settled by an adjudication of the highest court; that the defendant commissioners are taking steps without notice to respondents' attorney, to substitute some other attorney in his place as the respondents' attorney, not on account of any charges of want of skill or conduct in said action, which they do not make, but so as the more easily to consummate said plan and discharge, or if that be prevented, the better and more effectually to prevent the collection of such judgment and the final success of said action; and that the defendants, the said Burtises, are engaged with the other defendants in such plans and attempt of settlement; that they are planning with the judgment debtors to compromise the judgment for a nominal sum with the avowed purpose of settling a doubtful litigation, when in point of fact their sole and only purpose is to favor and benefit the judgment debtors and to enable them to accomplish the scheme; that they are seeking to remove the attorney for the plaintiffs and substitute another in his stead, as

their attorney does not favor their plans; that the conduct of the defendants is illegal and improper, and if they succeed in consummating their plans irreparable injury will be done to the city of Auburn and its taxpayers; and judgment is demanded that the defendants and each of them and their attorneys and agents be perpetually restrained and enjoined from doing any of the acts complained of, and from settling or discontinuing the action or discharging the judgment, excepting upon full payment by the judgment debtors of the judgment and costs; and that a perpetual injunction issue out of this court to that end; and that the defendants, composing the board of excise, be enjoined from substituting any attorney in the place of respondents' attorney, and that in case said defendants, the board, shall have discharged and satisfied said judgment and have consummated said settlement that the same be vacated and set aside and made of no effect; and that the defendants, composing the board of excise, be made personally responsible for the judgment and be required to indemnify the city of Auburn and the taxpayers out of their own property by reason of any loss arising by their acts aforesaid, and that the plaintiffs have such other and further relief in the premises as may be just. The defendants demurred to the complaint on the ground that it failed to state a cause of action, and that two causes of action had been improperly united.

*J. D. Teller*, for the appellants.

*Frank S. Wright*, for the respondents.

LEWIS, J.:

It appears that the city of Auburn was the owner of a judgment against the appellants of the value of about $2,000; that the commissioners were about to cancel and discharge it upon the payment by the judgment debtor of a sum much less than its value for the purpose of favoring such debtors at the expense of the taxpayers of the city, whom they officially represented, and because they were opposed to the enforcement of the excise law. All the questions which were raised by the defendants upon the trial of the action against them for selling liquor without a license have been decided against them by the Court of Appeals. (*Comr's of Excise v. Burtis*, 103 N. Y., 136.) So that

it appears that the judgment was the property of the city of Auburn, and was of the value of $2,000; that the defendants were about to waste and destroy nearly its entire value. Section 1 of chapter 531 of the Laws of 1881 provides that " all officers, agents, commissioners and other persons acting for and on behalf of any county, town, village or municipal corporation in this State, and each and every one of them, may be prosecuted and an action or actions may be maintained against them to prevent any illegal official act on the part of any such officers, agents, commissioners, or other persons, or to prevent waste or injury to any property, funds or estate of such county, town, village or municipal corporation, by any person whose assessment, or by any number of persons jointly, the sum of whose assessments shall amount to one thousand dollars," etc. It is under this act that this action is sought to be entertained. It seems to cover the case, and authorizes the action to restrain the commissioners from wasting the property of the city.

Courts will not restrain officials from exercising discretionary powers in good faith; when, however, they threaten an abuse of that discretion, they may be enjoined. (*Hartwell* v. *Armstrong*, 19 Barb., 166.)

It is charged in the complaint that defendants are about to commit an act in gross violation of law and of their duties as such officers, and in violation of their duties to the taxpayers of the city of Auburn, in order to shield the appellants, the Burtises from the just consequences of their violation of law. In such case it is proper to enjoin. (*The People ex rel. Negus* v. *Dwyer*, 90 N. Y., 410.)

Only the defendants Burtis appea.; and it is claimed that the action will not lie against them, as they are not acting or attempting to act officially nor in behalf of the city.

The complaint alleges that they are acting with the commissioners in these illegal and unlawful proceedings; and they are planning and attempting to settle and discharge the judgment without its payment. If the court have power to enjoin the commissioners from consummating the illegal and improper acts mentioned in the complaint, it is competent and proper to enjoin the appellants from doing anything which may tend to accomplish these improper acts. The appellants are interested that the defend-

ant commissioners should not be enjoined. They are directly intreested in the proposed action of their co-defendants, and are entitled to be heard on the trial before a decree is made. Hence it is proper to unite them as defendants.

Any person may be made a defendant who has or claims an interest in the controversy 'adverse to the plaintiff, or who is a necessary party defendant for a complete determination or settlement of the question involved. (Code of Civ. Pro., § 447.) All persons materially interested in the subject of a suit ought to be made parties. All persons who have any substantial legal or bene- ficial interest in the subject-matter, and who are to be materially affected by the decree, must be made parties. (Barb. on Parties [2d ed.], 326.) A defendant may in some cases be a proper party, although not a necessary party. (Barb. on Parties [2d ed.], 482 ; *Williams and Others* v. *Bankhead*, 19 Wall. [U. S. Sup. Court], 563, 564.)

There is but one cause of action stated in the complaint. The relief sought is a perpetual injunction restraining the defendants from settling, satisfying or discharging the judgment before it is paid in full ; and from substituting any attorney in place of the plaintiffs' attorney in that action. One of the contemplated acts of the commissioners complained of is an attempt to substitute another attorney in the place of their attorney, in order to consummate their designs. These allegations do not constitute two causes of action. The relief demanded in this complaint seems to be contemplated by the act of 1881 ; but if the complaint prays for relief not warranted by the alleged facts, a demurrer for that reason will not lie. (*Lord* v. *Vreeland*, 13 Abb. Pr., 195 ; Moak's Pleadings, 279, 756, and cases there referred to.)

There does not seem to be any merit in this appeal, and the judgment and order appealed from should be affirmed, with costs.

SMITH, P. J., BARKER and BRADLEY, JJ., concurred.

Judgment and order affirmed.